J. A. TRACY, Appellant, *v.* I. C. ABNEY.

**Sale of Land: COMMISSIONS: CONSTRUCTION OF CONTRACT.** A contract for commissions for the sale of land, which provides that "when said land is sold" the agent shall have a certain per cent. of the price, but which fails to give him exclusive authority to sell, does not entitle him to a commission on a sale made by the owner.

**Same.** When an agent's contract for the sale of land provides that if the owner desires to take the land out of market or to raise the price, he may do so upon giving the agent thirty day's notice and by paying him two per cent. of the authorized sale price, a sale by the owner will not entitle the agent to the commission, as the agency is not exclusive.

*Appeal from Clay District Court.*—HON. W. B. QUARTON, Judge.

THURSDAY, JANUARY 21, 1904.

ACTION to recover commissions as agent for the sale of land. A demurrer to plaintiff's petition was sustained, and judgment rendered for defendant, from which plaintiff appeals.—*Affirmed.*

*Buck & Kirkpatrick* for appellant.

*F. H. Helsell* for appellee.

McClain, J.—The contract under which plaintiff claims as set out in his petition is signed by both parties, and is in the following terms: "We have this day given J. A.

1. COMMISSIONS: construction of contract. Tracy authority to sell certain real estate situated in Clay county, Iowa, and described as the S. W. ¼ of Section 24, Township 94, Range 36, owned by us, and authorized him to sell and dispose of the same for the sum of $8,000.00, payable $2,000.00 in cash and balance to suit purchaser, and bind ourselves and our heirs to execute and deliver a warranty deed to the purchaser thereof, and to give abstract showing title in us free of incumbrance. When said land is sold we agree to pay to said J. A. Tracy, at Sioux Rapids, Iowa, a sum equal to five per cent. of the whole amount for which it is in fact sold, out of the first money collected. Said J. A. Tracy on his part agrees only to advertise said land and try to get a buyer for same. Should said I. C. Abney desire at any time to take said land out of the market, or raise the price of same, he may do so, provided thirty days' notice thereof in writing is given to said J. A. Tracy, and provided that said I. C. Abney first pays to said J. A. Tracy at Sioux Rapids, Iowa, all of his actual disbursements and expenditures, in any manner connected with or growing out of this agreement, and a sum equal to two per cent. of the agreed price at which said land is to be sold as set out herein. And it is agreed that any Justice of the Peace may have jurisdiction in any action brought hereon, and said I. C. Abney agrees to pay legal attorney's fees in any such action." In plaintiff's petition, which is in two counts, it is alleged that on the 8th day of July, 1901, while the agreement was in full force, the defendant sold said land for the sum of $7,600, and plaintiff in one count asks judgment for five per cent. of the amount for which the land was thus sold, and in the second count asks judgment for two per cent. of the selling price as named in the contract. The right of plaintiff to recover on either ground is sufficiently raised by the demurrer which defendant interposed to the petition, and which was

sustained by the court. The claim of five per cent. on the price for which the land was actually sold by defendant is predicated on the stipulation in the contract that, "When said land is sold we agree to pay to said J. A. Tracy, at Sioux Rapids, Iowa, a sum equal to five per cent. of the whole amount for which it is in fact sold, out of the first money collected." But the contract does not purport to give to Tracy an exclusive authority to sell, and, construing the language just quoted with that which precedes, we think the reasonable construction of the contract is that when the land is sold by Tracy he is to receive the commission specified. In effect, Tracy, in consideration of such efforts and expenditures as are provided for by the contract, acquired the right to make sale of the land if he could, and to have the commission named in case such sale should be made.

Bearing in mind that the contract nowhere purports to give Tracy an exclusive contract to sell, the question arising under the second count in the petition, based on the provisions of the latter part of the contract in regard to a 2. SAME. withdrawal of the land from the market, is whether a sale by defendant is to be considered as constituting such withdrawal and as subjecting defendant to liability for two per cent. on the price named in the contract in the event that defendant should make such sale. It is evident that plaintiff might be deprived, under the terms of the contract, of the opportunity of earning his five per cent. commission on the sale price in several ways: First, by notice given by defendant that he had concluded not to sell the property, and thus terminate plaintiff's agency; second, by notice given by defendant of a change of price at which he was willing to sell the land; third, by sale of the land made through some other agent; fourth, by sale of the land made by himself. It has already been suggested that there is nothing in the contract to deprive plaintiff of the right to sell the land himself or through some other agent. Now, with reference to these various ways in which plaintiff might be deprived of the opportunity of earning his five per cent. commission on

the selling price named, it is provided that, if plaintiff's opportunity to thus earn his commission is taken away by a withdrawal of the land from the market or by raising the price, it must be upon thirty days' notice, and on the condition, or rather with the penalty, that defendant should pay to plaintiff two per cent. on the agreed selling price, but no conditions are imposed with reference to sale by defendant himself or through another agent.   We cannot construe the provision as to taking the land out of the market as covering the sale of the land in some other manner than through plaintiff as agent.   That language may be given its full effect without putting upon it any such meaning.   So far as the contract imposes a penalty, it should be strictly construed.   The plaintiff may very well have been willing to take his chances on making a sale and earning his commission as against the contingency of a sale by defendant or through another agent, although protecting himself by the penal provision against a mere change of mind on the part of defendant as to whether he would sell the land at all or would increase the price for which a sale might be made.   If it had been intended that plaintiff should have a commission in any event, provided he could find a purchaser, that intention could have been easily expressed by giving to plaintiff an exclusive agency; and, in view of the provisions of the contract by which Tracy agreed to advertise and make efforts to effect a sale, it might well have been said that the agency was then one coupled with an interest.   But under the contract as written the agreement of Tracy to advertise and make efforts to effect a sale was simply in consideration of the privilege of earning a commission by selling, if he could do so at the price named, before his authority was withdrawn either by a withdrawal from the market, or a raise of price under the conditions imposed, or by sale made by defendant or some other agent. This is the reasonable construction of the contract, considering all its terms, and it is the construction which we think must be placed upon it.   We do not think we would be justified, in the absence of any specific provision to that effect,

in construing the contract as giving to plaintiff an exclusive right for an indefinite and unlimited time to earn his commission by the sale of this land coupled with a two per cent. penalty for terminating this indefinite right in any event, or under any circumstances.

The trial court therefore, as we think, correctly interpreted the contract in sustaining a demurrer to plaintiff's petition, and the judgment is AFFIRMED.