JAMES ALBERT TRACY, Appellant, v. WILLIAM A. RADEKE.

Real property: BROKERAGE CONTRACT: CONSTRUCTION.  A commission
    contract for the sale of land which provides that the broker will
    use his best efforts to find a buyer, and that the owner will aid
    in every way possible, does not create an exclusive agency and
    deprive the owner of the right to sell; and upon a sale by the
    owner to a purchaser procured by himself the agent is not en-
    titled to a commission.

*Appeal from Woodbury District Court.—HON. WM.
HUTCHINSON, Judge.*

WEDNESDAY, FEBRUARY 10, 1909.

DEMURRER to a petition alleging a commission due on
sale of land was sustained, and, as plaintiff elected to
stand on the ruling, the petition was dismissed.  Plaintiff
appeals.—*Affirmed.*

*James Albert Tracy,* for appellant.

*Randall, Courtney & Harding,* for appellee.

LADD, J.—According to the petition, at the times in
question the plaintiff was engaged in the real estate busi-
ness at Sioux City under the name and style of Tracy
Realty Company, and maintained co-operative offices in
different places in Iowa, Minnesota, and the Dakotas, each
actively co-operating with every other; defendant was
owner of a quarter section of land in Lincoln County,
Minn.; on September 28, 1906, a contract was en-
tered into by the interchange of a proposition and accept-
ance in words following:

Tracy Realty Co., Sioux City, Iowa—Gentlemen:
For 12 months, and till ten days after written notice, use
your best efforts to get me a buyer for the N. W. ¼ of
section 12, township 109, range 45, Lincoln County, Min-
nesota, and I will aid in every way possible, and show farm
free. [Here follows description.] For an acceptable pur-
chaser, on agreeable terms, will give you $1 an acre; or
if you find such purchaser will pay you that, with the ex-
cess he agrees to pay, if any. [Signed] Wm. A. Radeke.

Received of Wm. A. Radeke, listing agreement of his
property, consisting of the N. W. ¼, sec. 12—109—45,
Lincoln County, Minn., together with his $15, with the
understanding that the undersigned will add $15 of their
money to it—making $30—and spend it all in advertising
said property for sale, and if quick sale is not thereby
made, agree without further fee, to keep everlastingly at
it to get a buyer till one is secured, or the owner says
quit, and when the sale is made will credit the $15 on
the commission. Tracy Realty Co., by J. W. Alexander,
Local Representative.

The petition farther alleged that plaintiff had per-
formed his part of the agreeement, and that on October 7,
1907, defendant had found a purchaser for the land to
whom he had sold the same, and prayed judgment for $1
per acre less the $15 advanced. The ground of defendant's
demurrer in substance was that the contract did not operate
to deprive the owner of the right to sell his property nor
permit plaintiff to levy tribute on him in event he should
be able to find a purchaser. It will be noted that plain-
tiff is not given the exclusive agency, nor is there any ex-
press promise to pay a commission on a sale made by
himself. The only ground for such an implication is
found in the repetition in substance of the promise of com-
pensation. These promises, however, are to be construed
in connection with the context, and, when this is done,
it will be found that the services mentioned for which
compensation is to be made are plaintiff's best efforts "to
get a buyer," and that defendant was merely "to aid in

every way possible." Fairly construed, this means that he was to aid plaintiff in such efforts, and has no reference to any independent effort on his part to sell the farm. The agreement differs so radically from that construed in *Metcalf v. Kent,* 104 Iowa, 487, that the case is not in point. As the proposition and acceptance did not deprive the owner of the right to find a purchaser for his property, the sale thereof was neither a performance nor violation of the terms of the contract. *Ingold v. Symonds,* 125 Iowa, 82. See *Tracy v. Abney,* 122 Iowa, 306.—*Affirmed.*