ALLEY v. GRIFFIN et al. (No. 1547.)

(Court of Civil Appeals of Texas. Amarillo. June 11, 1919. Rehearing Denied Oct. 22, 1919.)

1. BROKERS ☞46—RIGHT OF OWNER WHERE AGENCY NOT EXCLUSIVE.

The general rule is that one employing an agent to sell land for a commission on the sales may make sales himself or through other agents without liability to the first agent for commission on them; even where the agency is exclusive, the owner himself may sell without becoming liable for commission.

2. BROKERS ☞46—EXTENT OF RIGHT TO COMMISSION UNDER CONTRACT.

Under contract whereby the seller of lands agreed to show them to prospects furnished by the buyers, and to aid in making resales, for no other charge than a commission of $1 an acre, held that the seller was entitled to commission only on such resales as he had actually aided in making.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by Robert F. Alley against M. J. Griffin and others. From judgment for defendants, plaintiff appeals. Affirmed.

Y. W. Holmes, of Comanche, and M. J. Baird, of Plainview, for appellant.

E. Graham and C. S. Williams, both of Plainview, for appellees.

BOYCE, J. A decision of this case depends upon the construction of a land sales agency contract made between the appellant, as party of the first part, and the appellees, as parties of the second part, on the 4th day of December, 1916. By the terms of this contract the said Robert F. Alley, as party of the first part, appointed the parties of the second part, appellees, as exclusive agents to solicit purchasers for the sale of lands owned, controlled, or listed for sale by party of the first part "in the shallow water district of Northwest Texas, including Hale and adjoining counties," until January 1, 1918. This exclusive agency covered certain territory in Iowa. The parties of the second part agreed to actively solicit purchasers for such land in said territory, and to deliver prospective purchasers to the party of the first part at Hale Center, at their own expense, and without cost to the first party. The appellant, as party of the first part, agreed to pay to the second parties as commission the sum of $5 per acre for each acre of land sold to any person resident in the territory assigned to the party of the second part, and to refer any inquiry from persons resident in such territory to the parties of the second part. The first party also agreed "to take proper care of prospective purchasers furnished by second party or their subagents, when delivered to first party at Hale Center, or other point mutually agreed upon, to furnish two seven passenger automobiles and show them lands for sale and make proper effort to sell them land and to furnish them meals without cost to second party." Said contract also contained the following paragraph, which furnishes the basis of this suit:

"The first party agrees to show any lands owned by second party to prospects furnished by them, and to aid in making sale for no other charge than a commission of one dollar per acre on all lands owned by second party and sold to second party by the first party in said shallow water district, and sold during the term of this contract."

During the existence of this contract the appellees sold about 1,600 acres of land in said shallow water district, owned by them, and purchased of appellant, Alley. While the appellant had shown this land to "prospects furnished by" the appellees, sale thereof was not made to any such persons, and the appellant did not show the lands, or aid in any way in making the sale to the persons who actually bought from the appellees. The appellant, Alley, brought this suit to recover $1 per acre commission on this sale, claiming that under the terms of the contract he was entitled to such commission whether such sale was in any way aided by him or not.

[1, 2] The general rule is that one employing an agent to sell land for a commission on the sales may make sales himself or through other agents, without liability to the agent for commission on such sales; even where the agency is exclusive, the owner may sell himself, and is not liable for commission. So that, in the ordinary contract providing for a commission to the agent on sales of the land made during the term thereof, the sales have reference only to sales resulting from the efforts of the agent. "The parties may, by contract, avoid the effect of this rule, as where the owner undertakes to pay a commission on all sales within a certain time, no matter by whom made." C. J. vol. 9, p. 576; Mechem on Agency (2d Ed.) 2445. In the cases referred to by the authorities making the statement just quoted, the contracts contained some express language or provision that clearly indicated that there was an agreement to pay the commission whether the agent participated in the sale or not.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The contract in the case of Parkhurst v. Tryon, 134 App. Div. 843, 119 N. Y. Supp. 184, is more nearly like the one we are considering than any other authority we have found. In that case the written contract between the owner and the agent provided that the agent should "advertise and attempt to sell the property," and the owner agreed "that in case of the sale or conveyance of the said property at any time within one year * * * he will pay Parkhurst (the agent) five per cent. of the amount of the sale," and it was held "that the sale referred to in the language above quoted was a sale made by Parkhurst, or one brought about by him." See, also, Tracy v. Radeke, 141 Iowa, 167, 119 N. W. 525.

We construe the reference to "all lands sold during the term of this contract," taken in connection with the context, to refer to such sales as the appellant had aided in making. We therefore uphold the trial court's ruling on such matter, and affirm its judgment.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes