**DROSSOS et al. v. GILES.    (No. 7617.)***

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1926. Rehearing Denied Nov. 24, 1926.)

**1. Trial ⚖══260(1) — Where defendant's refused requested charges were substantially embraced in other instructions, there was no error.**

Where case was clearly and plainly submitted, and defendant's refused requested charges were substantially covered by other instructions, there was no error.

**2. Brokers ⚖══86(4)—Evidence held to support finding that agent was not procuring cause of sale of real estate.**

Evidence that sale of real estate was made by owner himself, who had been negotiating for sale with purchaser prior to agent's contract, *held* to support finding that agent was not procuring cause of sale.

**3. Brokers ⚖══57(2)—That agent attempts to make sale with person with whom owner is dealing, and owner consummates sale at lower price, creates no legal contract for commissions.**

Where agent was authorized by owner to sell real estate at a certain sum, and attempted to make sale with person with whom owner had been dealing, and owner consummated sale at less sum than agent was authorized to sell at, *held* no legal contract was created for commissions.

Error from District Court, Bexar County; R. B. Minor, Judge.

Suit by J. A. Drossos and others against Palmer Giles. Judgment for defendant, and plaintiffs bring error. Affirmed.

Hal Browne and Huson & Huson, all of San Antonio, for plaintiffs in error.

Drought & Stevens, of San Antonio, for defendant in error.

COBBS, J. Plaintiffs in error brought this suit against defendant in error to recover a judgment for commissions alleged. to have been earned for the sale of certain real estate in the city of San Antonio, belonging to defendant, and given to plaintiff to sell at a definite price of $65,000. And it was alleged defendant in error agreed to pay plaintiffs in error a commission of 5 per cent. if they would secure a purchaser at that price, who was ready, willing, and able to buy.

Defendant in error's brief contains four pages of objections to assignments of error, and objections to plaintiffs in error's bills of exception, many of which are good, but we do not stop to discuss them here. We will consider only the material questions raised, which affect the real questions of law involved, in the order presented.

The court submitted the case to the jury upon the following issues:

"You will determine from the evidence and answer the following question:

"Were the plaintiffs the procuring cause of the sale of the property which was made? Answer 'Yes' or 'No.'

"We, the jury, answer, 'No.'

"In connection with the foregoing question, you are instructed that, in order to render an agent the procuring cause of a sale, his acts in the matter must have so far contributed to bringing about the sale that, but for his acts in the matter, the sale would not have been accomplished by what was actually done by other parties to that end.

"If you find from the evidence that the plaintiffs were negotiating with Matthews and his associates during November and December, 1922, and January, 1923, trying to sell them the property, that defendant was advised of such negotiations, if any; that defendant, if so advised, did not inform plaintiffs that he had theretofore, in July, 1922, been negotiating with the same parties for the sale of the property and would not pay plaintiffs a commission on a sale to the said parties, then you are instructed that defendant, if you so find the facts, would be estopped to show in support of his defense, that he (defendant) had first discovered the purchasers; and, if you so find the facts, you will not consider such prior negotiations by defendant, in determining your answer to the question propounded to you.

"If you find from the evidence that the plaintiffs were employed by defendant as brokers to sell the property, and that, while their employment was still in force, procured Matthews and his associates as purchasers of the property, and continued the tender of their services to complete the sale to said parties, and that defendant directly made a sale to the same parties upon terms satisfactory to himself, though different from those limited to the plaintiffs, then, and if you so find the facts, you will answer 'Yes' to the question propounded to you.

"If you find from the evidence that the efforts of plaintiffs to sell the property to Matthews and his associates, after fair opportunity, and without any fault of the defendant, came to naught, resulting in failure and in the termination of their negotiations with said parties, and that later the defendant by direct and independent negotiation effected the sale to the same parties, then, and if you so find the facts, you will answer 'No' to the question propounded to you.

───────────────────────────────

⚖══For other cases see same topic and KEY–NUMBER in all Key–Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 19, 1927.

"You are the exclusive judges of the credibility of witnesses and of the weight to be given to their testimony. The law of the case you will receive from the court and be governed thereby.

"As to the foregoing question or issue, the burden rests upon the plaintiffs to show, by a preponderance of the evidence, the affirmative of such issue."

[1] The case was clearly and plainly submitted, and the requested charges of defendant are substantially embraced, at least all that were material, in the court's charge. The answer to the first question submitted to the jury, that the plaintiffs were not the procuring cause of the sale, rendered an answer to any other of defendant's questions of no value.

[2] There is ample evidence to support the finding of the jury. The evidence does not show a mutual and binding contract of sale, procured by the seller or purchaser, or that their minds met on the subject. Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848. The sale in this case was made by the defendant in error himself, who had been negotiating for the sale with the purchaser prior to the time plaintiffs claim to have a contract. Plaintiffs were not, as found by the jury and supported by the testimony, the procuring cause of the sale.

[3] The fact that an agent attempts to make a sale with a person with whom the owner is dealing, and the sale is consummated by the owner at a less sum than the agent was authorized to sell at, creates no legal contract for commissions. The owner cannot in such a way be deprived of his right to sell his land. Alley v. Griffin (Tex. Civ. App.) 215 S. W. 479.

The verdict of the jury is supported by evidence which in fact shows no contract for commission, at the price for which the sale was made. We have carefully considered the questions properly raised by plaintiffs in error, and overrule them.

This case has been fairly tried and justice administered, so the judgment of the trial court is affirmed.