## W. C. TYRELL TRUST v. LOVELL.
### No. 1363—5510.

Commission of Appeals of Texas, Section A.
May 7, 1930.

Franklin & Blankenbecker, of Houston, for plaintiff in error.

Boyles, Brown & Scott, Frank G. Dyer, and Pat N. Fahey, all of Houston, for defendant in error.

CRITZ, J.

This suit originated in the district court of Harris county, Tex. It was instituted by E. T. Lovell against W. C. Tyrell Trust, a joint-stock association, to recover $2,443.30, alleged by Lovell to be due him as commission on a land sale. The contract, made the basis of the suit, is a letter, which is as follows:

"Elena, Texas,
"December 6, 1924.
"Mr. P. M. DuBois,
"Mr. F. B. Stratford,
"Mr. E. T. Lovell,
"Elena, Texas.
"Gentlemen:

"After leaving Elena last Sunday evening I gave considerable thought to the working arrangements that has been made by you gentlemen, and I came to the conclusion, in my mind, that the same could not be satisfactorily carried through for the reason that it left too much room for conflict in several ways. I discussed the matter later with both Mr. Tyrells and the final conclusion reached at that time was that I should handle the matter in such manner as I thought best.

"As you no doubt realize, there is a tremendous responsibility back of handling that property and in order to handle it to a successful conclusion it is of course very necessary that we have absolutely no discord, and that we all pull together. With this thought in mind it seems to me the only way it can be handled successfully is that the W. C. Tyrell Trust agree to pay a commission to you gentlemen on all sales made, whether made by you or in connection with some other agent. This commission to be divided equally between all three of you. You further understand that in paying a salary to each of you we have in mind that it will be necessary for each of you to devote a good portion of your time to looking after the property in a general way. It is not contemplated that any of you shall spend all of your time at the office, but that you shall at all times be in rea-

sonably close touch with the office, and shall use your best efforts to assist any agent in closing any deal, whenever you may be called upon to do so. As stated above it is my earnest desire that this can be worked out to the entire satisfaction of all concerned, and with that idea in mind I would suggest that you be allowed a commission of three per cent on all sales made. This three per cent to be divided equally among you. Should any of you be called upon or deem it advisable to make a trip to make a sale, all expenses in connection with such sales should be divided equally, it seems to me.

"Regarding the office work, it is contemplated that at the present time Mrs. Stratford will devote all her time to the office, with the idea of giving information to any customers that might come in, and getting them in touch with whoever may be necessary. I would further suggest that Mrs. Stratford receipt and collect any payments that may come to the office, but that Mr. Lovell make up the report and make the deposits, copy of which will be sent this office. Mr. Stratford will of course do all surveying necessary to be done, at any time, and Mr. DuBois will have general charge of all affairs in connection with the property.

"You will of course understand that this agreement is subject to termination at any time on thirty days notice.

"Yours truly,
"W. C. Tyrell Trust,
"By F. B. Martin, Manager."

The case was submitted in the trial court to a jury on special issues, and the jury in response to such issues found in effect:

(a) That it was the intention of the parties at the time of the writing of the above letter that DuBois, Stratford, and Lovell were to receive a commission of 1 per cent. each on all sales made by W. C. Tyrell Trust, and

(b) That Lovell did not, by his action prior to the sale of the land to Johnson, lead the trust to believe that he would not claim a commission on said sale.

Based on the above finding and a finding by the trial court as to the amount received for the land, the trial court rendered a judgment for Lovell against the trust estate for $645.12. This judgment was affirmed by the Court of Civil Appeals for the First District at Galveston, in an opinion by Justice Graves, Chief Justice Pleasants dissenting.

We sustain the following contentions of the plaintiff in error:

(a) That the trust itself 'sold the land without the aid or assistance of Lovell.

(b) That the contract is unambiguous, and its interpretation is a matter of law for the court and not a question of fact for a jury.

(c) That under the terms of the contract the trust had the right, as a matter of law, to itself sell the land without incurring liability to Lovell for the commission provided therein.

Addressing ourselves to the first proposition, (a) above, we find no evidence in the record to show that Lovell, or either of the others to which the above letter was directed, had anything to do with making the sale. In fact, the evidence conclusively shows the contrary.

■ Addressing ourselves to the second proposition, (b) above, we hold that the letter is not at all ambiguous. It goes into great detail to define under what circumstances the commission therein provided shall be payable. The letter expresses the purpose to make the matter clear and definite. It then states: "With this thought in mind it seems to me the only way it can be handled successfully is that the W. C. Tyrell Trust agree to pay a commission to you gentlemen on all sales made, whether made by you or in connection with some other agent." This portion of the letter, by express words, limits the right to the commission to the terms imposed, "whether made by you, or in connection with some other agent." It is true that later on in the letter it is stated: "As stated above it is my earnest desire that this can be worked out to the entire satisfaction of all concerned, and with that idea in mind I would suggest that you would be allowed a commission of three per cent on all sales made." Of course this latter clause in the letter must be read in the light of the entire instrument, and of the clause first above quoted, and when this is done the phrase "all sales made" must be construed to have reference to sales made by some sales agent of the trust estate, and not to sales made by the trust itself. This is the correct legal construction of the contract, and since the contract is not ambiguous, and clearly defines the rights of the parties, without resort to oral testimony, it was not proper for the trial court to submit the meaning of the contract to the jury. Cook v. Dennis, 61 Tex. 246; Reagan v. Bruff, 49 Tex. Civ. App. 226, 108 S. W. 185, and authorities there cited.

■ Addressing ourselves to the third proposition, (c) above, the evidence is conclusive that the W. C. Tyrell Trust is a trust estate, or joint-stock association. Of course such a concern must act through an agent, but in the case at bar it is shown conclusively that this sale was made by F. B. Martin, its general manager, and in law its alter ego. When a concern such as this acts by its alter ego, it acts itself. This being the case, this sale, as a matter of law, was made by the trust itself.

The Court of Civil Appeals, in its opinion on motion for rehearing, refers to the fact that Martin testified that his position as general manager gave him the right to sell property. We see nothing in this to aid the

judgments of the trial court and of the Court of Civil Appeals. Certainly the trust itself has the right to sell property, and it can only act through an agent. In other words, when Martin acted, he did so as the alter ego of the trust. It was the trust itself acting. It was Martin who wrote the letter made the basis of this suit, and thus it was the trust itself acting through Martin when the contract here sued on was made. It is further conclusively shown that Martin exercised complete authority and control over the trust, and that he was not entitled to a commission on the instant sale or any other sale.

Since it is conclusively shown that the instant sale was made by the trust itself, and since the letter or contract, made the basis of this suit, does not give either an exclusive right, or an exclusive agency of sale, it follows that the trust itself had the right to sell the land without incurring liability for the commission sued for. English v. William George Realty Co., 55 Tex. Civ. App. 137, 117 S. W. 996; Bomar v. Munn (Tex. Civ. App.) 158 S. W. 1186; Johnson v. Buchanan, 54 Tex. Civ. App. 328, 116 S. W. 875; Alley v. Griffin (Tex. Civ. App.) 215 S. W. 479; 9 C. J. pp. 575 and 622; 2 C. J. p. 776; 4 R. C. L. p. 318.

What we have said determines the result of this case, and it is not necessary for us to discuss the other assignments.

We recommend that the judgments of the Court of Civil Appeals and of the district court be both reversed, and judgment here rendered for the plaintiff in error, the W. C. Tyrell Trust.

CURETON, C. J.

The judgments of the trial court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.