## REEVES v. GAULDING.

### No. 10379.

Court of Civil Appeals of Texas. Galveston.

June 3, 1937.

Rehearing Denied June 24, 1937.

Gollob & Gollob and Mandell & Combs, all of Houston, Atty., W. A. Combs, of Houston, of counsel, for appellant.

T. B. Blanchard, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, and supported by stated findings of fact and law, wherein the appellee was awarded a $500 recovery against appellant as compensation for services the court found she had rendered the latter—pursuant to an agreement between them with that objective—in bringing about the sale to appellant of the McVey Apartments in the city of Houston at a lower figure for the property than it had otherwise at the time been available at.

Under the disposition determined upon for the appeal, after careful consideration of the record, no written opinion is required of this court, but in deference to the helpful aid accorded it by the able counsel for both sides in fully briefing and arguing the matter, this brief statement of the general ground upon which an affirmance will be ordered is made:

Without undertaking to quote either sort in full, this much of the court's stated findings of both fact and law are copied, since they are regarded not only as sustained by the evidence and by authority, but also as furnishing a proper and sufficient basis for the approval herein given the judgment rendered:

"I find as a matter of fact that Mrs. Reeves made Mrs. Gaulding her agent for the purpose of ascertaining the best and lowest figure, so far as she was concerned, the property could be purchased for; employing her to ascertain the amount due against the property, etc., and, either on that occasion or another meeting between Mrs. Gaulding and Mrs. Reeves, Mrs. Reeves promised, bound, and obligated herself to pay Mrs. Gaulding a sum of $500.00, if Mrs. Gaulding could secure the property for around about $12,000.00. * * *

"Mrs. Gaulding was requested by Mrs. Reeves, as part of her duties, to bring about a meeting between Mr. Parker and Mrs. Reeves, which was done at the home of Mr. Parker. Mrs. Gaulding is the one who introduced Mrs. Reeves to Mr. Parker. He had not met her up to that time. Mr. Parker asked Mrs. Reeves at the first meeting if she was not a prospect of Mr. Nall and Mrs. Reeves said that she was. Mr. Parker

said that he would pay no one a commission except Mr. Nall. * * *

"I find as a matter of fact that Mrs. Gaulding's activities on behalf of Mrs. Reeves did bring about a sale to her, Mrs. Reeves, at a lower figure than had been quoted by Mr. Nall, and that although Mrs. Reeves afterwards ignored Mrs. Gaulding, that she did, however, ratify, adopt, and take advantage of the things done by her leading to closing of the deal at a lower figure.

"I find the law to be with the plaintiff and have rendered a judgment in her favor in the sum of $500.00."

Authorities furnishing the indicated support for the conclusions stated may be collated as follows: 9 Corpus Juris, § 7, p. 510, § 84, p. 589, § 86, p. 592; Drossos v. Giles (Tex.Civ.App.) 288 S.W. 275; 4 Ruling Case Law, p. 242, § 2; 7 Texas Jurisprudence, § 54, p. 443, § 55, p. 444, § 57, p. 447, § 70, p. 467, § 79, p. 476; Watson v. Bayliss, 62 Wash. 329, 113 P. 770, 34 L.R.A. (N.S.) 1210.

An affirmance will be entered.

Affirmed.