### JONES v. TORRANCE.

#### No. 2210.

Court of Civil Appeals of Texas. Waco.

May 23, 1940.

Rehearing Denied June 27, 1940.

1008

George Clark and John B. Fisher, Jr., both of Waco, for appellant.

Stansell Bryan, of Waco, for appellee.

TIREY, Justice.

Plaintiff, J. R. Torrance, a real estate broker, brought this suit in the Justice Court against A. P. Jones and Ralph H. Schultz, joint defendants, for a commission for services rendered in bringing about a sale of real estate from Jones to Schultz and his wife. In the Justice Court judgment was rendered for defendant. The plaintiff appealed to the County Court of McLennan County, and the case was tried before a jury. In the County Court the plaintiff voluntarily dismissed his suit as to Schultz and proceeded against Jones only, and the jury returned a verdict favorable to plaintiff and judgment was entered on the verdict of the jury in favor of plaintiff, and defendant has appealed.

The parties will be designated as in the trial court:

The evidence substantially shows that Schultz and his wife, prior to the sale in question, owned some property in Dallas, Texas, that they desired to trade or exchange for a small farm near the city of Waco. The first negotiation concerning the matter was had between Mrs. Schultz, wife of defendant Schultz, and the plaintiff in the postoffice at Waco. According to plaintiff's testimony, after these negotiations, Schultz and wife inspected the small farm belonging to Jones and were interested and wanted him to make the trip to Dallas and inspect their property and then contact Jones in order to see if an exchange could be effected; that in a few days after negotiations began, he made a trip to Dallas and made an inspection of the property belonging to Schultz and wife, and on the same trip went on over to Fort Worth and negotiated with Jones over the telephone concerning the matter. Torrance testified as to this conversation, in substance, as follows: (1) that Jones was not interested in the Dallas property and wanted to sell his Waco property on a net basis; (2) that he refused to handle it on a net basis and that Jones inquired of him as to the amount of his commission and he advised him five per cent of the sales price and that Jones gave him a price of $2,750 on the property and agreed to pay him five per cent and asked him to submit such price to the purchaser; (3) that he gave Jones the name of Schultz as his prospect and advised him of the business that Schultz was in; (4) that Jones said he understood about the commission and that he had discussed the matter with other real estate men; (5) that on the morning after his return from Fort Worth he submitted his price to Schultz. Jones testified, in substance, as to this conversation as follows: (1) that he advised Torrance that he was not interested in any trade for Dallas property; (2) that he understood Torrance was a real estate man, and that Torrance could sell his property; (3) that he asked Torrance what his commission would be and Torrance said the usual five per cent; (4) that he advised Torrance that he had a small equity in the property and could not afford to pay five per cent on the sales price and he refused to authorize Torrance to sell and refused to pay him a commission; (5) that Torrance did not mention the name of Schultz to him in this conversation. Jones further testified that after his telephone conversation with Torrance (not remembering the time intervening) Mrs. Schultz called him over the telephone about his property; that a few days after his telephone conversation with Mrs. Schultz he came to Waco and closed the sale for the property; that he had no further contact or communication with Torrance until after the sale of the property.

Defendant, by various assignments and propositions, complains of the trial court's failure to give his special issues Nos. 1 to 12, inclusive. The points raised by each of the assignments and propositions are substantially to the effect that they presented affirmatively defendant's defense to the plaintiff's cause of action, namely, (1) that plaintiff Torrance had attempted to represent, without their knowledge and consent, both the seller Jones and the purchaser Schultz; (2) that the plaintiff Torrance was acting as the agent of the purchaser Schultz, or solely as his agent; (3) that Jones refused to list the property in question with Torrance for sale; and (4) that Schultz was not induced by the efforts of Torrance to purchase the property. We overrule each of these assignments.

We have carefully considered the evidence and have concluded that the issues requested under Nos. 1 and 2, above, were not raised by the evidence. We have also concluded that the issues requested under Nos. 3 and 4, supra, are necessarily embraced in the determination of the ultimate fact issues, namely, whether or not Jones employed Torrance to make the sale and agreed to pay a commission, and whether or not Torrance's efforts were in fact the procuring cause of the sale to Schultz. "A litigant is not entitled to have two issues submitted which are opposites one to the other." Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314, point at page 316; Wichita Valley R. Co. v. Williams, Tex.Civ.App., 6 S.W.2d 439. The evidence is uncontradicted that when Torrance began his negotiations with Jones that Jones advised Torrance that he was not interested in trading for Dallas property and that Torrance immediately requested the permission of Jones for the privilege of selling his property; that Jones immediately inquired of Torrance as to what his commission would be for the sale of the property, and that Torrance advised Jones that it would be the regular five per cent commission. Now the evidence is in dispute as to whether or not Jones employed Torrance to sell the property

and agreed to pay him five per cent of the sales price. Torrance testified that he did. Jones testified that he did not. Jones testified that Torrance did not mention the name of Schultz to him. Torrance testified that he did and that Jones gave him a price of $2,750 on the property and that he gave this information to Schultz on the morning after his return from Fort Worth. Nothing was said about a commission when Torrance communicated the price of the Jones property to Schultz. Jones testified that Schultz called him over the telephone about the property after his conversation with Torrance, and that in a few days after his conversation with Schultz, he came to Waco and closed the sale. Jones further testified that in the telephone conversation with Schultz that Torrance's name was not mentioned, and further that in the negotiations with Schultz, wherein the sale was completed, that no mention was made by Schultz or any other person to him that Torrance was in anywise interested or had anything to do with this sale. Mrs. Schultz testified that Torrance never mentioned the Jones property to her; that Mr. Schultz testified that he never had any conversation with Torrance until after he had consummated the trade. Torrance testified that the deed passed in less than two weeks after his negotiations began with Mrs. Schultz at the postoffice. It is true that Torrance filed suit in the Justice Court against Jones and Schultz jointly, and as a basis for his cause of action alleged a contract with both parties and a conspiracy between Jones and Schultz to defeat the payment of his commission. It is also true that after Torrance learned that the sale had been completed from Jones to Schultz that Torrance went to the employer of Schultz and tried to get Schultz dismissed; however, the only evidence adduced as to a contract between Schultz and Torrance was that given by Torrance and it was to the effect that up until the time Schultz looked at the property, it was a straight purchase by Schultz; that after Schultz inspected the Jones property, Schultz wanted to put his Dallas property in as part exchange for the Jones property and that Torrance advised Schultz that he would owe him a commission of 2½% on whatever amount Jones accepted the Schultz property for in trade. That contingency did not arise. It is our opinion that this case comes under that well established doctrine that "a person may act as an agent of both parties to an exchange of lands, if his duties to each are not such as to require him to do incompatible things." Leake v. Scaief, Tex.Civ.App., 140 S.W. 814, point 1, at page 816; T. A. Hill & Son v. Patton & Schwartz, Tex.Civ. App., 160 S.W. 1155, 1157; Allen v. Roach, Tex.Com.App., 292 S.W. 195, point 4, at page 197; 7 Tex.Jur. p. 438. We therefore hold that the only ultimate fact issues raised by the evidence in this case were the questions as to (1) whether or not Jones employed Torrance to sell the property in question and agreed to pay him five per cent commission on the sales price, and (2) whether or not the efforts of Torrance were the efficient and procuring cause of the sale. These questions, in our opinion, were properly submitted by the trial court and the jury answered them adversely to the defendant. We recognize that there are conflicts in the testimony of plaintiff with that offered by the defendant, but this raised a jury question. Glazer v. Woodward, Tex.Civ.App., 127 S.W.2d 938, points 1-3, at page 940, writ refused. Each of the assignments and propositions urged to the failure of the court to submit special issues Nos. 1-12, inclusive, by defendant is overruled.

Defendant has assigned as error the court's definition of the term "procuring cause." The trial court instructed the jury that the term "procuring cause", as used in the main charge, was as follows: "By the term 'procuring cause of the sale,' is meant such act or acts in connection with the sale, if any, which so far contributed to bringing about the sale that but for such acts in the matter the sale would not have been accomplished by what was actually done by the other parties to that end."

The defendant's objection to the above definition was that it incorrectly and improperly defined the term "procuring cause" and requested the court to define the term as follows: "By the term 'procuring cause' as used herein, is meant that cause which, in a natural and continued sequence, unbroken by any new, independent, intervening cause, produced the event, without which it would not have occurred."

We overrule this assignment. The contention made by plaintiff in the case was that he found Schultz, the purchaser of the property, and that after Jones, the seller, agreed to employ him to sell the property and gave him a price of $2,750 and agreed to pay five per cent commis-

sion on the sales price, that he then disclosed the name of his purchaser to Jones, and that he, Torrance, communicated the price the next morning to Schultz. The plaintiff thereafter contends that Jones and the Schultzes conducted negotiations that consummated the sale and there is evidence in the record that the sale was consummated in less than two weeks after Torrance had his conversation with Mrs. Schultz at the postoffice. We think our courts have uniformly held that if the agent brings the parties together and they then, independently of the acts of the agent, continue negotiations until the trade is consummated, the agent is, as a matter of law, the procuring cause of the sale. Keener v. Cleveland, Tex.Com.App., 250 S.W. 151; Edmonson v. Tinsley, Tex.Civ.App., 15 S.W.2d 118, point at page 120. Moreover, we are of the opinion that the evidence in this cause did not raise an issue of new and independent cause. Young v. Massey, 128 Tex. 638, 101 S.W.2d 809. We think the definition of "procuring cause" was applicable to the evidence in this case. Drossos v. Giles, Tex.Civ.App., 288 S.W. 275.

■ Defendant complains bitterly of the trial court's refusal to sustain general demurrer and special exceptions to the plaintiff's pleading in the county court, on the ground that plaintiff plead and relied upon a new and different cause of action pleaded in the justice court. We overrule each of these assignments. It is true, the plaintiff sued Jones and Schultz jointly in the justice court and alleged that he had a contract with each of them and set up that Jones and Schultz entered into a conspiracy to defeat his commission. Plaintiff's pleading in the justice court alleged a contract with Jones and that he was the procuring cause of the sale of the land in question from Jones to Schultz and alleged that his commission was the sum of $128. That is the same cause of action that plaintiff alleged against Jones in the county court, and we do not think that defendant Jones is in a position to complain because plaintiff did not allege conspiracy in the county court and voluntarily dismissed the suit against Schultz. We have carefully considered the pleadings, and, under the rule announced by the Supreme Court in Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707, it is our opinion that the cause of action alleged by plaintiff against Jones in the justice court is substantially the cause of action alleged against him in the county court.

We have carefully considered each of the other assignments raised by defendant, and have concluded that each is without merit. It follows that the judgment of the trial court is in all things affirmed.