NO. 07-06-0157-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 31, 2006


 ______________________________



RANCHO LA VALENCIA, INC. AND


CHARLES R. "RANDY" TURNER, APPELLANTS



V.



AQUAPLEX, INC. AND JAMES EDWARD JONES, JR., APPELLEES


_________________________________



FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY;



NO. 03-004287; HONORABLE SUZANNE COVINGTON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION


 On December 5, 2005, a $2,294,807 judgment was entered against Rancho La
Valencia, Inc., and Charles R. Turner (collectively, "appellants"). Appellants filed an
application to set amount of supersedeas bond on March 30, 2006. Aquaplex, Inc., and
James Edward Jones, Jr., (collectively, "appellees") filed a motion for entry of appeal bond
and motion to strike the affidavit of Turner on April 4, 2006. Following hearings and
discovery related to the bond issue, the trial court set Turner's supersedeas bond at
$283,000 and Rancho La Valencia's bond at $2,294,807. Further, the trial court enjoined
appellants from dissipating or transferring any non-exempt assets, except in the normal
course of business, enjoined appellants from transferring property to any trust in which
Turner was the beneficiary or trustee, absent application to and approval by the trial court,
and required the appellants to notify appellees in writing of any transfers of non-exempt
assets in the normal course of business within ten days of such transfer. On June 7, 2006,
this court granted the request of appellants to stay enforcement proceedings pending
appellees' response to the motion for temporary relief and to review the previously ordered
supersedeas bonds. We requested a response from appellees.

Factual background


 Originally, this was a suit between joint ventures in a real estate venture. Appellants 
filed suit against appellees for fraudulent inducement to join the joint venture. Appellees
filed a countersuit alleging that it was appellants who fraudulently induced appellees to join
the joint venture. During the pendency of the law suit, Turner transferred property and
assets, that he controlled, to a pre-existing family trust for which Turner was the sole
beneficiary and trustee. The history of the litigation demonstrates that appellants went to
extraordinary lengths to delay discovery and trial of the case. Finally, the parties executed
a Rule 11 agreement purporting to settle the matters in controversy. See Tex. R. Civ. P.
11. However, appellants never funded the settlement and the matter was scheduled for
trial. Prior to the trial setting, appellants filed for bankruptcy relief. Eventually, the
bankruptcy court dismissed appellants' bankruptcy, finding that it was a bad faith filing and
remanded the case back to the State court. Subsequently, the case was tried to a jury that
returned a verdict for appellees, which underlies the supersedeas bonds now before this
court. 

 By three issues, appellants contend that the trial court's injunction is impermissibly
broad and not premised upon a stay of enforcement; that the evidence supports a negative
net worth for Turner and, therefore, the trial court erred in setting the amount of his
supersedeas bond; and the trial court erred in setting Rancho La Valencia's supersedeas
bond in an amount equal to the full amount of the judgment. We deny appellants' motion
to dissolve the post-trial injunction and affirm the trial court's determination of supersedeas
bond.

Post-trial injunction


 Appellants contend that the trial court committed error in issuing its post-trial
injunction for the following reasons:

 1) the court lacked jurisdiction to issue the injunction because the judgment
had not been superseded; 

 2) the injunction attempted to reach Turner's exempt assets by ordering no
transfers to trusts of which Turner was the beneficiary or trustee; and

 3) the injunction improperly interfered with appellants' right to make transfers
of assets in the normal course of business.


 We review the issuance of a post-judgment injunction under an abuse of discretion
standard, the same as we would review the granting or denial of a temporary injunction. 
See Emeritus Corp. v. Ofczarzak, No. 04-05-00530-CV, slip op. at 3, 2006 WL 467976, at
*3 (Tex.App.-San Antonio, March 1 2006), rev'd by agr., 2006 WL 923534 (Tex.App.-San
Antonio April 5, 2006) (settlement of underlying appeal). An abuse of discretion arises when
the trial court acts without reference to applicable guiding principles, acts arbitrarily or
unreasonably, misinterprets or misapplies the law, or renders a decision without sufficient
evidentiary basis. Friona Indep. Sch. Dist. v. King, 15 S.W.3d 653, 657 (Tex.App.-Amarillo
2000, no pet.). 

 Appellants initially contend that the trial court lacked jurisdiction to issue any
injunction because the judgment had not been superseded. Appellants urge that neither
Texas Rule of Appellate Procedure 24 nor Texas Civil Practice and Remedies Code Chapter
52 permit a trial court to issue an injunction until after the judgment at issue has been
superseded. See Tex. R. App. P. 24 (1); Tex. Civ. Prac. & Rem. Code Ann. Ch. 52 (Vernon
1997). (2) However both Rule 24 and Chapter 52 provide that the trial court may issue an
injunction enjoining "the judgment debtor from dissipating or transferring assets to avoid
satisfaction of the judgment. . . ." Rule 24.2(d); § 52.006(e). Additionally, the legislative
history of House Bill 4 discloses that the legislature expressly authorized post-judgment
injunctions to enjoin a judgment debtor from wasting or disposing of assets. See Emeritus
Corp., 2006 WL 467976, at *3. Thus the trial court had jurisdiction to grant injunctive relief.
Further, when the record of appellants' financial conduct throughout the litigation is
considered, we cannot say that the trial court abused its discretion in granting the injunction. 

 Appellants next contend that the portion of the injunction purporting to enjoin the
transfer of assets into any trust for which Turner was a beneficiary or trustee is invalid as
an attempt to encumber exempt assets. However, the language of the injunction is not as
broad as appellants contend. Specifically, the trial court enjoined appellants from
transferring "property or assets into any trust in which Charles R. Turner is a beneficiary or
trustee absent application to and approval from this Court. . . ." Initially, we observe that the
quoted portion of the trial court's order does not prohibit transfers to the trusts, but rather
affords the court some modicum of control over the transfers. See Rule 24.2(d). The record
reveals that Turner has a history of transferring property to family trusts. It is unclear from
the record whether this property was exempt property under the laws of Texas. Additionally,
Turner has admitted filing at least two financial statements that contained false information. 
Finally, we must consider that the bankruptcy judge dismissed appellants' bankruptcy as a
bad faith filing. In light of the record, we find that the trial court did not abuse its discretion
in requiring appellants to apply to the court for permission before transferring any property
to the trusts. 

 Finally, appellants contend that the trial court's order interferes with their ability to
make transfers of property in the normal course of business. Considering the appellants'
actions prior to the judgment, it cannot be said that the need for the trial court's order was
not firmly established. As previously discussed, appellants are attempting to put the
broadest possible construction on the court's order. The order simply requires the
appellants to notify the judgment creditors of the nature and amounts of transfers within 10
days. This order does not enjoin appellants from making transfers in the normal course of
business. In light of the facts of this case, the trial court's order simply provides a
mechanism for the court to monitor the security requirements to continue to supersede the
judgment. Rule 24.3(a); Miller v. Kennedy & Minshew, P.C., 80 S.W.3d 161, 164
(Tex.App.-Fort Worth 2002, no pet.). In view of the record, we cannot say that the trial
court's effort to monitor appellants' financial transactions is an abuse of discretion.

Supersedeas bond 


 Appellants contend that the trial court erred in setting the amount of bond required
to supersede the judgment. We review the trial court's determination of the amount of
security necessary to supersede a judgment under an abuse of discretion standard. In re
Kajima Int'l., Inc., 139 S.W.3d 107, 112 (Tex.App.-Corpus Christi 2004, pet. denied). The
amount of the bond required may not exceed 50 percent of the judgment debtor's net worth,
see Rule 24.2(a)(1)(A), but the judgment debtor has the burden to prove its net worth. Rule
24.2(c)(3); Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge), L.L.C., 171 S.W.3d 905, 910
(Tex.App.-Houston [14th Dist] 2005, no pet.). The trial court is the exclusive judge of the
credibility of the witnesses and the weight to be given to their testimony. Henry S. Miller
Residential Serv. Corp. v. Arthur, 671 S.W.2d 670, 671 (Tex.App.-Dallas 1984, no writ).

 Appellants contend that the trial court erred as a matter of law in setting Turner's
bond because the court failed to apply proper accounting principles to the evidence
produced regarding Turner's net worth. (3) Appellants' contention is misplaced because it was
not an error in the application of accounting principles that resulted in the trial court's
determination of Turner's net worth. Rather, it appears that the court simply found Turner
not credible. Appellees point out that, as late as the motion for new trial hearing, in an effort
to demonstrate that appellants had every intention of completing the Rule 11 settlement,
Turner was claiming to have a substantial net worth. Appellants have not contested this
allegation. Accordingly, we can and, based upon the totality of the record, do accept the
statement as true. Rule 38.1(f); Double Ace, Inc. v. Pope, 130 S.W.3d 18, 29 n.8
(Tex.App.-Amarillo 2005, no pet.). Having heard all of the testimony during numerous
discovery hearings, at trial, at the hearing on the motion for new trial, and during the hearing
on the issue of the bonds, the trial court was in the best position to evaluate the truthfulness
of Turner's evidence regarding his net worth. Henry S. Miller Residential Serv. Corp., 671
S.W.2d at 671. The record reflects sufficient contradictory evidence regarding Turner's net
worth that we cannot say that the decision of the trial court in setting the bond was an abuse
of discretion. 

 Appellants next contend that the trial court abused its discretion by setting the
supersedeas bond for Rancho La Valencia at the full amount of the judgment. A review of
the record reveals that the only evidence offered to prove Rancho La Valencia's net worth
was a statement in Turner's affidavit and another statement in a financial statement offered
by Turner. To avoid the bond being set equal to the amount of the judgment, it was Rancho
La Valencia's burden to establish its net worth. Rule 24.2(c)(3); Ramco Oil & Gas. Ltd., 171
S.W.3d at 910. As the only evidence of Rancho La Valencia's net worth was offered
through Turner and as the trial court found Turner not credible, we cannot say that the trial
court abused its discretion in setting the supersedeas bond for Rancho La Valencia. 
Accordingly, appellants' issues relating to the amount of the bonds required are overruled. 

 Conclusion


 Having overruled appellants' issues, we deny appellants' motion to dissolve the post-trial injunction and affirm the trial court's determination of supersedeas bond. 

 

 

 Per Curiam




1. Further reference to Texas Rules of Appellate Procedure will be by reference to
"Rule __."
2. Further reference to Texas Civil Practice & Remedies Code provisions will be by
reference to "§ ___." 
3. Appellants contend that the trial court failed to apply generally accepted accounting
principles, specifically the Financial Accounting Standards Board's Statement of Accounting
Concepts No. 6. However, the record reveals that appellants failed to provide this authority
to the trial court or request the court to consider these standards. 


       Issue One - Factual Insufficiency
          Appellant contends the evidence is “factually insufficient” to support his conviction 
but cites no authority to explain or support his entitlement to a factual sufficiency review
where, as here, he has pled guilty to a trial court and waived his right to a jury trial.
           Where a defendant knowingly, intelligently and voluntarily pleads guilty or nolo
contendere to a felony, the appellate standards of review for legal


 and factual


 sufficiency
do not apply. Ex parte Martin, 747 S.W.2d 789, 791 (Tex.Crim.App. 1988); Ex parte
Williams, 703 S.W.2d 674, 678 (Tex.Crim.App. 1986); O’Brien v. State, 154 S.W.3d 908,
910 (Tex.App.–Dallas 2005, no pet.); Keller v. State, 125 S.W.3d 600, 604-05
(Tex.App.–Houston [1st Dist.] 2003, pet. dism’d), cert. denied, 544 U.S. 906, 125 S.Ct.
1603, 161 L.Ed.2d 280 (2005). 
           We find Appellant’s pleas constitute voluntary judicial confessions of guilt. See
Dinnery, 592 S.W.2d at 352-53; Harp v. State, 148 Tex.Crim. 354, 187 S.W.2d 570, 571
(1945) (op. on reh’g); Lord, 63 S.W.3d at 92; Stewart, 12 S.W.3d at 148. And, having
considered the record, we conclude there was sufficient evidence to support the judgments
under article 1.15 of the Code of Criminal Procedure. Appellant’s issues are overruled.
          Issue Two - Cruel and Unusual Punishment
          Appellant also contends the sentences imposed on him were disproportionate and
constituted cruel and unusual punishment under the Texas and United States
Constitutions. To preserve error for appeal, a party must make a timely, specific objection
or motion to the trial court that states the grounds for the ruling sought with sufficient
specificity and complies with the rules of evidence and procedure. See Tex. R. App. P.
33.1(a). An argument that the punishment assessed is cruel and unusual is waived if
presented for the first time on appeal. Id; Jacoby v. State, 227 S.W.3d 128, 130
(Tex.App.–Houston [1st Dist.] 2006, pet. ref’d). Because Appellant made no objection to
the trial court raising the issue of cruel and unusual punishment, he has waived this issue
on appeal. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); Curry v.
State, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995).  
            However, even absent waiver, after comparing the temporal numerosity and
seriousness of the felony offenses for which he was convicted in light of his prior
convictions for similar offenses with the sentences assessed thereon, we conclude that
Appellant’s sentences were not unconstitutionally disproportionate and, thus, did not
constitute cruel and unusual punishment. See, e.g., Winchester v. State, 246 S.W.3d 386,
390-91 (Tex.App.–Amarillo 2008, no pet.). These issues are also overruled. 
Conclusion
          The trial court’s judgments are affirmed.
 
                                                                                      Patrick A. Pirtle 

                                                                                             Justice 



Do not publish.